FILED

2017 Apr-26  AM 09:04
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| ATAIN SPECIALTY INSURANCE COMPANY | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION NO.: |
| v. | ) |
| | ) |
| VIVIANE RIVEIRIO ARAGUYO, d/b/a | ) |
| VRA CONSTRUCTION, LLC; | ) |
| DOMINGO VALLES; CENTREMARC | ) |
| CONSTRUCTION COMPANY, LLC; | ) |
| GARCIA BUILDING COMPANY, LLC | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Atain Specialty Insurance Company ("Atain") files its Complaint for Declaratory Judgment against Viviane Riveirio Araguyo, d/b/a VRA Construction, LLC ("Ms. Araguyo" or "VRA"), Domingo Valles, Centremarc Construction Company, LLC ("Centremarc"), and Garcia Building Company, LLC ("Garcia") seeking a declaration of non-coverage.  In support thereof, Atain alleges as follows:

## JURISDICTION AND VENUE

1.

Atain is a Michigan corporation with its principal place of business at 310 Kaufman Financial Center, 30833 Northwestern Highway, Farmington Hills, Michigan 48334. Atain is a citizen of Michigan.

2.

Upon information and belief, Viviane Riveirio Araguyo, d/b/a VRA Construction LLC, permanently resides at 3929 Red Oak Dr. Doraville, Georgia 30340, and can be served at her residence. Ms. Araguyo is a citizen of Georgia.

3.

Upon information and belief, Domingo Valles permanently resides in Birmingham, Alabama. Mr. Valles is a citizen of Alabama.

4.

Upon information and belief, Centremarc Construction, LLC is a limited liability company formed under the laws of Georgia. Its members are William Brannen, III, Mary Cangelosi, Jeffrey Hale, and William Wade. Mr. Brannen is a citizen of Georgia, living and permanently residing at 804 Lake Laurie Dr., Valdosta, Georgia 31605. Ms. Cangelosi is a citizen of Georgia, living and permanently residing at 120 Princeton Lane, Valdosta, Georgia 31605. Mr. Hale is a citizen of

Georgia, living and permanently residing at 4359 Mossy Creek Road, Valdosta, Georgia 31602.  Mr. Wade is a citizen of Georgia, living and permanently residing at 685 Myddleton Road, Valdosta, Georgia 31601.  Centremarc is therefore a citizen of Georgia.

5.

Upon information and belief, Garcia Building Company, LLC is a limited liability company formed under the laws of Alabama.  Its member is Jose Garcia, Jr., who is a citizen of Alabama.  Garcia Building Company, LLC is therefore a citizen of Alabama.

6.

This Court has personal jurisdiction over Ms. Araguyo, Mr. Valles, Centremarc, and Garcia (collectively "Defendants").  Mr. Valles and Garcia are citizens of Alabama.  Ms. Araguyo and Centremarc availed themselves to the jurisdiction of Alabama by partaking in the construction project located at 4700 Colonnade Parkway, Birmingham, Alabama 35243 (the "Project") at issue in this action.

7.

This Court has subject matter jurisdiction over each of the claims on diversity grounds.  Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction as Atain is diverse

from each and every one of the Defendants and the amount in controversy exceeds $75,000.00.

8.

Venue is proper pursuant to 28 U.S.C. § 1391 because the events giving rise to this litigation occurred in this district.

9.

This action is brought pursuant to 28 U.S.C. § 2201 and seeks declaratory relief as to Atain's obligations under a policy of insurance issued to VRA. Liberty is uncertain as to its duties, rights, and obligations and files this declaratory judgment action to resolve questions of coverage under the insurance policy, including VRA's right to defense and indemnity of a lawsuit Mr. Valles filed in the Circuit Court of Jefferson County, Alabama, styled *Domingo Valles v. Centremarc Construction Company, LLC, et al.* Civil Action No. 01-cv-2015-903957 (the "Underlying Lawsuit"). An actual and justiciable dispute over those duties, rights, and obligations exists between the Parties.

## BACKGROUND FACTS

**I.      THE INSURANCE CONTRACT**

10.

On May 26, 2015, VRA applied for insurance.[1]  The application states that VRA's operations consist of janitorial construction. "Vivien Ribero" signed the application on behalf of VRA.

11.

Atain issued commercial general liability insurance policy no. CIP261015 (the "Policy") to VRA Construction, LLC, providing certain liability coverage, subject to the Policy's terms, limits, conditions, exclusions, and endorsements, for the period June 1, 2015, to June 1, 2016.[2]

12.

The Policy's Declarations list VRA's business description as "janitorial."

13.

The Policy's Supplemental Declarations also list VRA's business as Janitorial.

---

[1] A complete and accurate copy of the application for insurance is attached hereto as Exhibit "A".

[2] A complete and accurate copy of the Policy is attached hereto as Exhibit "B".

14.

The Policy's Supplemental Declarations identify VRA's form of business as "LLC."

15.

The Supplemental Declarations identify VRA as owning, renting, or occupying the premises located at 3929 Red Oak Dr., Doraville, Georgia 30340.

16.

The Supplemental Declarations include the following Premium Classifications: "janitorial services including products/completed operations"; "debris removal-construction site"; "blanket additional insured"; "blanket waiver of subrogation."

17.

The Policy includes a Classification Limitation endorsement, which states:

Coverage under this policy is specifically limited to, and applies only to those classifications as described under the applicable Coverage Part or Schedule designated in the Declarations Page of this policy.

This policy excludes coverage for any operation not specifically listed in the Coverage Part, Schedule or Declarations Page of this policy.

Policy, AF 33510 07/2012, p. 1 of 1.

18.

The Policy includes a workers' compensation exclusion, which precludes coverage for "[a]ny obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law."  Policy, CG 00 01 04 13, p. 2 of 16.

19.

The Policy includes an intentional acts exclusion, which precludes coverage for bodily injury "expected or intended from the standpoint of the insured."  Policy, CG 00 01 04 13, p. 2 of 16.

20.

The Policy includes an endorsement modifying the employer's liability exclusion to preclude coverage for:

e.    Employer's Liability

1.    "Bodily injury" to an "employee", subcontractor, employee of any subcontractor, "independent contractor", employee of any "independent contractor", "temporary worker", "leased worker", "volunteer worker" of any insured or any person performing work or services for any insured arising out of and in the course of employment by or service to any insured for which any insured may be held liable as an employer or in any other capacity.

2.    Any obligation of any insured to indemnify or contribute with another because of damages arising out of "bodily injury" to an "employee", subcontractor, employee of any

subcontractor, "independent contractor", employee of any "independent contractor", "temporary worker", "leased worker", "volunteer worker" of any insured or any person performing work or services for any insured arising out of and in the course of employment by or service to any insured for which any insured may be held liable as an employer or in any other capacity;

\*\*\*

For the purposes of this endorsement, "independent contractor" means one that contracts to do work or perform a service for another and that retains control over the means or methods used in doing the work or performing the service. "Independent contractor" includes, but is not limited to, subcontractors and any employees of a subcontractor, any employee of an independent contractor, any "employees" of any insured, agents, representatives, volunteers, spouses, family members of any insured or any Additional Insureds added to this policy.

For the purposes of this endorsement, "Employee" is defined as follows:

"Employee" includes a "leased worker".

This exclusion applies to all causes of action arising out of "bodily injury" to any "employee", subcontractor, employee of any subcontractor, "independent contractor", employee of any "independent contractor", "temporary worker", "leased worker", "volunteer worker" or any person performing work or services for any insured because of "bodily injury" including care and loss of services.

Policy, AF 000 839 p. 1 of 2.

21.

The Policy also includes conditions that must be met before there is coverage under the Policy:

2.   Duties in the Event of Occurrence, Offense, Claim or Suit

a.   You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim.  To the extent possible, notice should include:

(1)   How, when and where the "occurrence" or offense took place;

(2)   The names and addresses of any injured persons and witnesses; and

(3)   The nature and location of any injury or damage arising out of the "occurrence" or offense.

b.   If a claim is made or "suit" is brought against any insured, you must:

(1)   Immediately record the specifics of the claim or "suit" and the date received; and

(2)   Notify us as soon as practicable.

You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

c.   You and any other involved insured must:

(1)   Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

Policy, CG 00 01 04 13, p. 11 of 16.

## II.    THE UNDERLYING ACCIDENT

22.

The Project was a construction plan to build an apartment complex.

23.

Centremarc was the general contractor for the Project.

24.

Centremarc contracted with Garcia to perform work related to framing the structures for the Project.

25.

Garcia entered a subcontract with VRA, where VRA would provide workers to assist in various aspects of Garcia's work on the Project.

26.

Garcia would pay VRA directly, and then VRA would pay its employees that it sent to assist Garcia on the Project.

27.

Mr. Valles is one of VRA's employees that it sent to assist Garcia on the Project.

28.

On or about June 26, 2015, Mr. Valles was performing work at the Project. He was working on the unfinished fourth floor of one of the buildings under construction, when he fell three stories and was injured.

## III.   THE UNDERLYING LAWSUIT

29.

On October 13, 2015, Mr. Valles filed suit against Centremarc, Garcia, and VRA Construction LP ("VRALP")[3] in the Circuit Court of Jefferson County, Alabama, Birmingham Division, Case No. 01-CV-2015-903957 (the "Underlying Lawsuit").[4]

30.

In his original complaint, Mr. Valles asserted that Garcia was his employer and VRALP was another contractor at the Project that had control over the work he performed.  He asserted a workers' compensation claim against Garcia.  He asserted breach of contract, negligence, wantonness, and willfulness claims against VRALP and Centremarc all based on an alleged failure to provide a safe workplace.

---

[3] Mr. Valles appears to have misidentified VRA Construction LP for VRA Construction LLC in his Complaint.
[4] A complete and accurate copy of the complaint in the Underlying Lawsuit is attached hereto as Exhibit "C".

31.

On September 19, 2016, Mr. Valles filed his First Amendment to Complaint.[5]
In the amended complaint, Mr. Valles changes the heading to state "VRA
Construction, Inc." instead of VRA Construction, LP.   However, Mr. Valles still
asserts claims against VRALP in the body of the amended complaint and does not
identify VRA as a party.

32.

In the amended complaint, Mr. Valles claims that VRALP and/or Garcia were
his employer or, alternatively, VRALP and/or Garcia were other contractors on the
Project that had control over his work.  Mr. Valles asserts the workers compensation
claim and the breach of contract, negligence, wantonness, and willfulness claims
against both VRALP and Garcia as alternatives.

33.

On October 21, 2016, VRA filed two answers to the amended complaint, one
addressing the workers' compensation claim and the other addressing the other
claims.

---

[5] A complete and accurate copy of the amended complaint in the Underlying Lawsuit is attached hereto as Exhibit
"D".

## IV.    REPORTING THE ACCIDENT AND UNDERLYING LAWSUIT

### 34.

Following the Accident, but before the Underlying Lawsuit was filed, VRA notified its workers' compensation insurance carrier (the "WC Carrier") about the Accident.

### 35.

Prior to the filing of the Underlying Lawsuit, the WC Carrier paid Mr. Valles workers' compensation benefits totaling over $340,000.

### 36.

Following the filing of the Underlying Lawsuit, VRA notified the WC Carrier of the Underlying Lawsuit.  The WC Carrier in turn began providing VRA a defense to the Underlying Lawsuit.

### 37.

On or after June 23, 2016, counsel hired by WC Carrier to defend VRA in the Underlying Lawsuit contacted Atain to put it on notice of the Underlying Lawsuit.

### 38.

Atain did not know about the Accident or the Underlying Lawsuit prior to June 23, 2016.

39.

To date, neither Ms. Araguyo, nor anyone else at VRA, has notified Atain of the Accident or Underlying Lawsuit, or submitted a formal claim to Atain.

### COUNT I – DECLARATORY JUDGMENT: POLICY'S WORKERS' COMPENSATION EXCLUSION BARS COVERAGE

40.

Atain repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

41.

At the time of the Accident, Mr. Valles was Ms. Araguyo's employee as defined under Alabama's Workers' Compensation Act.

42.

At the time of the Accident, Ms. Araguyo was Mr. Valles' employer as defined under Alabama's Workers' Compensation Act.

43.

Given Mr. Valles and Ms. Araguyo's relationship, Ms. Araguyo was required to provide Mr. Valles workers' compensation benefits under Alabama's Workers' Compensation Act, including for the Accident.

44.

Because the Accident is covered under Ms. Araguyo's workers' compensation insurance, the Policy's workers' compensation exclusion applies to bar coverage. Policy, CG 00 01 04 13, p. 2 of 16.

45.

The employer-employee relationship between Ms. Araguyo and Mr. Valles, and the applicability of the Workers' Compensation Act, are not subject to dispute, because Mr. Valles has elected his remedy by accepting workers' compensation benefits from Ms. Araguyo.

46.

Accordingly, Atain is entitled to a declaratory judgment that it owes no duty to indemnify or defend Ms. Araguyo, VRA, or any other person or entity for the Underlying Lawsuit or for any claims or damages arising out of the Accident.

## COUNT II – DECLARATORY JUDGMENT: EMPLOYER'S LIABILITY ENDORSEMENT APPLIES AND PRECLUDES COVERAGE

47.

Atain repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

48.

Mr. Valles asserts in his amended complaint that VRALP owed him a duty to provide a safe workplace.

49.

Mr. Valles asserts in his amended complaint that VRALP oversaw and controlled his work.

50.

To the extent Mr. Valles' assertions against VRALP were intended to be directed against VRA, Mr. Valles is claiming that VRA was his employer under Alabama common law.

51.

To the extent VRA is not Mr. Valles' employer under Alabama's Workers' Compensation Act, because VRA is Mr. Valles' employer under common law, the Policy's employer's liability exclusion applies to bar coverage.  Policy, AF 000 839 p. 1 of 2.

52.

Accordingly, Atain is entitled to a declaratory judgment that it owes no duty to indemnify or defend Ms. Araguyo, VRA, or any other person or entity for the Underlying Lawsuit or for any claims or damages arising out of the Accident.

## COUNT III – DECLARATORY JUDGMENT: MR. VALLES
## <u>FAILED TO PROMPTLY NOTIFY ATAIN</u>

### 53.

Atain repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

### 54.

Under the Policy, Ms. Araguyo was required to notify Atain of the Accident as soon as practicable.  Policy, CG 00 01 04 13, p. 11 of 16.

### 55.

Under the Policy, Ms. Araguyo was required to notify Atain of the Underlying Lawsuit as soon as practicable.  Policy, CG 00 01 04 13, p. 11 of 16.

### 56.

Under the Policy, Ms. Araguyo was supposed to immediately send Atain copies of any legal papers it received related to the Underlying Lawsuit.

### 57.

Ms. Araguyo has never notified Atain of the Accident.

### 58.

Ms. Araguyo has never notified Atain of the Underlying Lawsuit.

59.

Ms. Araguyo has never provided Atain with any legal papers she has received related to the Underlying Lawsuit.

60.

Atain did not learn of the Accident and Underlying Lawsuit until June 23, 2016, at the earliest, more than eight months after the Underlying Lawsuit was filed and almost a year after the Accident.

61.

Ms. Araguyo failed to timely comply with the Policy's notice conditions precedent, and therefore, the Policy does not provide coverage for the Accident or Underlying Lawsuit.

62.

Accordingly, Atain is entitled to a declaratory judgment that it owes no duty to indemnify or defend Ms. Araguyo, VRA, or any other person or entity for the Underlying Lawsuit or for any claims or damages arising out of the Accident.

## COUNT IV – DECLARATORY JUDGMENT: <u>CLASSIFICATION LIMITATION ENDORSEMENT APPLIES</u>

63.

Atain repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

64.

Pursuant to the Policy's classification limitation endorsement, the Policy only provides coverage for bodily injury that occurs during the performance of janitorial services or debris removal at construction sites.

65.

At the time of the Accident, Mr. Valles was not performing janitorial services or debris removal.

66.

Because Mr. Valles' injuries occurred during the performance of work other than the classifications specifically identified in the Policy, there is no coverage for the Accident or Underlying Lawsuit.

67.

Accordingly, Atain is entitled to a declaratory judgment that it owes no duty to indemnify or defend Ms. Araguyo, VRA, or any other person or entity for the Underlying Lawsuit or for any claims or damages arising out of the Accident.

## COUNT V – DECLARATORY JUDGMENT:
## INTENTIONAL ACTS EXCLUSION PRECLUDES
## COVERAGE FOR WANTON AND WILLFUL CLAIMS

68.

Atain repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

69.

Pursuant to the intentional acts exclusion, the Policy does not provide coverage for bodily injuries caused by VRA's intentional acts.

70.

Mr. Valles asserts that VRALP wantonly and willfully caused the Accident and, in turn, his injuries.

71.

To the extent Mr. Valles' claims are intended to be directed at VRA, because the alleged wanton and willful acts require an intent to cause harm, the intentional acts exclusion applies to bar coverage for those claims.

72.

Accordingly, Atain is entitled to a declaratory judgment that it owes no duty to indemnify or defend Ms. Araguyo, VRA, or any other person or entity for the

wanton and willful claims asserted in the Underlying Lawsuit or for any damages attributable to such wanton and willful claims.

**WHEREFORE,** Atain prays for:

(1) Declaring, as to Count I, that Atain has neither the duty to defend nor indemnify Ms. Araguyo, VRA, or any other person or entity in connection with the Accident and/or the Underlying Lawsuit because Ms. Araguyo's alleged liability is barred by the workers' compensation exclusion;

(2) Declaring, as to Count II, that Atain has neither the duty to defend nor indemnify Ms. Araguyo, VRA, or any other person or entity in connection with the Accident and/or the Underlying Lawsuit because Ms. Araguyo's alleged liability is barred by the employer's liability exclusion;

(3) Declaring, as to Count III, that Atain has neither the duty to defend nor indemnify Ms. Araguyo, VRA, or any other person or entity in connection with the Accident and/or the Underlying Lawsuit because of the failure to comply with the Policy's notice conditions precedent;

(4) Declaring, as to Count IV, that Atain has neither the duty to defend nor indemnify Ms. Araguyo, VRA, or any other person or entity in

connection with the Accident and/or the Underlying Lawsuit because Mr. Valles' injuries stem from the Accident, which involves work outside those specifically identified in the Policy, and therefore, is barred by the classification limitation endorsement;

(5) Declaring, as to Count V, that Atain has neither the duty to defend nor indemnify Ms. Araguyo, VRA, or any other person or entity in connection with the Underlying Lawsuit's claims of wantonness and willfulness, because Ms. Araguyo's alleged liability stems from intentional acts which are barred by the intentional acts exclusion;

(6) Awarding Atain its costs; and

(7) Awarding Atain such other and further relief as the Court may deem just and proper.

(Signature on Following Page)

Respectfully submitted this 25th day of April, 2017.

/s/ Stephen A. Kahn
Stephen A. Kahn (KAH009)
Bar Number: 808929
Caitlin M. Crader (CRI010)
Bar Number: 892010
*Attorneys for Plaintiff*
**FIELDS HOWELL LLP**
1180 W. Peachtree Street, Suite 1600
Atlanta, Georgia 30309
Phone (404) 214-1250
Fax (404) 214-1251
skahn@fieldshowell.com
ccrader@fieldshowell.com

**Defendants to be served via Certified Mail:**

VRA Construction, LP
c/o Jud C. Stanford
Wilson & Berryhill, P.C.
One Metroplex Drive
Suite 250
Birmingham, Alabama  35209
Telephone: (205) 252-4441

Centremarc Construction Company,
LLC
c/o Timothy W. Knight
Kee Law Firm, LLC
2105 Devereux Circle
#211
Birmingham, Alabama  35243
Telephone: (205) 968-9900

Garcia Building Company, LLC
c/o Jarrod B. Bazemore
Spain & Gillon, LLC
2117 2nd Avenue North
Birmingham, Alabama  35203
Telephone: (205) 328-4100

Domingo Valles
c/o Keith T. Belt, Jr.
Belt & Bruner, P.C.
2204 Lakeshore Drive, Suite 114
Birmingham, Alabama  35209
Telephone: (205) 933 - 1500